UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON POWELL, SR.**                                **CIVIL ACTION NO.**

**VERSUS**                                             **24-567-BAJ-EWD**

**THE UNITED STATES OF AMERICA**
**ON BEHALF OF THE SOCIAL**
**SECURITY ADMINISTRATION**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 23, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

Certified Mail No. 7020 1810 0000 5305 5315

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON POWELL, SR.**                                         **CIVIL ACTION NO.**

**VERSUS**                                                                    **24-567-BAJ-EWD**

**THE UNITED STATES OF AMERICA
ON BEHALF OF THE SOCIAL
SECURITY ADMINISTRATION**

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, and ORDER

Before the Court is the United States' Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction.[1] The Motion requests an order dismissing the claims of Plaintiff Brandon Powell, Sr. ("Powell") in this case because he did not serve the United States Attorney's Office or the Attorney General's Office as required by Federal Rules of Civil Procedure 4(i)(1) and (2). The government also argues that, because of insufficient service, the Court lacks personal jurisdiction over the United States. The Certificate of Service for the Motion states that it was served by United States mail on Powell on the date it was filed with the Court, August 8, 2024.[2] Powell has not responded to the Motion and the time to do so has passed.[3] Although the Motion has merit, because Powell is representing himself and due to the unique procedural posture of this case, it is recommended that Powell be given additional time to serve the United States as required under Federal Rule of Civil Procedure 4(i) and to file adequate service information into the record in this case, as required under Federal Rule of Civil Procedure 4(l).

---

[1] R. Doc. 5. References to documents in the record of this Court are stated as "R. Doc. ___."
[2] R. Docs. 5, p. 2; R. Doc. 5-1, p. 6.
[3] Under Local Civil Rule 7(f), any opposition to a motion is due within twenty-one (21) days after service of the motion.

I.  **BACKGROUND**

The case originated in Louisiana state family court. On January 4, 2013, Powell filed suit against Rhonda Rideaux Marks to establish paternity and for custody/visitation.[4] On August 30, 2023, in a document entitled "Defendant's Answer," Powell "den[ies] that [he] owe[s] the plaintiff what is claimed" and asserts that "[t]he state has failed to meet the requirements of Federal law 42 U.S.C. § 603(5)(c)(iii)(III) [sic]. I did not consent, commit, or enroll into any program or express agreement. Therefore, the Social Security Administration is responsible for it's [sic] own debt."[5] Powell further stated, "[t]he SSA is required by 5 U.S.C. § 301 [sic] to remit future and or past payments, penalties and interest in full…."[6] The Answer states that it serves as "NOTICE AND DEMAND THAT THE IV-D DEBT, ARREARS, PENALTIES AND OR INTEREST MUST BE PAID BY THE SSA, REGISTERED OWNER OF THE SSN NOT THE NUMBER HOLDER." Lastly, Powell stated that the SSA has twenty (20) days to rebut and/or respond to the claim.[7]

Powell filed into the family court record a document that states a package was delivered on October 5, 2023 in Baltimore, Maryland, 21235."[8] Powell then filed what appear to be several Motions for Entry of Default against the SSA for failure to respond to his "Answer" document in the family court.[9] On July 12, 2024, the United States removed to this Court only the portion of the family court case that seeks an order or relief against the SSA.[10] The government now asks the Court to dismiss Powell's claims against it for failure to adequately serve process.

---

[4] R. Doc. 1-2, pp. 3-6.
[5] *Id.*, p. 39. It is not clear what prompted the "Answer." According to the documents attached to the Notice of Removal as the state court record, a Stipulated Judgment was entered in the case on September 18, 2013 regarding custodial arrangements and visitation. R. Doc. 1-2, pp. 33-36. The "Answer" is the next document in the attached state court record.
[6] *Id.*, p. 41.
[7] *Id.*
[8] *Id.*, p. 49. A grainy copy of an unsigned certified mail return receipt with the addressee listed as SSA is also attached. *Id.*, p. 70.
[9] *Id.*, pp. 50-77.
[10] R. Doc. 1.

2

## II.    LAW AND ARGUMENT

Federal district courts, like this one, generally have exclusive jurisdiction over civil actions on claims against the United States for money damages for injury or loss of property.[11] While it is not clear that the United States was a defendant in the portion of the case that was removed from Louisiana state family court, because neither the United States nor any governmental agency was specifically named, the documents attached to the Notice of Removal suggest that Powell did intend to bring claims against the United States and/or its agency, SSA, in that case. This includes the demand that the SSA pay the debts at issue in the Louisiana state court proceedings and Powell's effort to obtain a default against the SSA. As noted, however, these claims cannot be brought in state court.

Regarding service, Federal Rule of Civil Procedure 4(i) governs service on the federal government or an agency. That provision states as follows, in relevant part:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
>> (1) United States. To serve the United States, a party must:
>>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>>
>>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>>
>>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

---

[11] *See* 28 U.S.C. § 1346 (b)(1).

3

> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

This means that, to serve the SSA in this case, Powell is required to do the following: 1) provide a copy of the summons and complaint to the United States Attorney for the Middle District of Louisiana, by either delivering those documents to the U.S. Attorney's Office in person or by sending a copy by registered or certified mail to the civil process clerk for the U.S. Attorney's Office; 2) send a copy of the summons and complaint to the Attorney General of the United States in Washington, D.C.; 3) send a copy of the summons and complaint to the Social Security Administration by registered or certified mail. Powell has arguably done the third step in state court but there is no evidence that he has served the U.S. Attorney's Office for the Middle District of Louisiana or the U.S. Attorney General.

Under Fed. R. Civ. Proc. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Here, Powell's "Answer" is what arguably initiated the claims against the United States. That document was filed in Louisiana state court on August 30, 2023, so more than 90 days have passed; however, only seventy-three (73) days have passed since the claims against the SSA were removed to this Court. Due to the procedural irregularities here, and the fact that it appears Powell is representing himself, it is recommended that Powell be given additional time to serve the government with the guidance provided in this Report.

4

Accordingly,

**IT IS RECOMMENDED** that the United States' Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction[12] be **DENIED** at this time to permit Plaintiff Brandon Powell, Sr. who is representing himself, an opportunity to serve the government with the guidance in this Magistrate Judge's Report and Recommendation.

**IT IS FURTHER RECOMMENDED** that Powell be advised as follows:

- under Federal Rule of Civil Procedure 4, he must submit summonses to the Clerk of this court for each entity to be served and must have the summonses with a copy of the complaint (here, the "Answer" filed in state court) served on each entity, as explained above;
- Service must be made by someone who is at least eighteen (18) years old;
- Powell cannot serve the summonses and complaint himself (even by mail);

**IT IS FURTHER RECOMEMNDED** that Powell be ordered to file proof of service into the record in this case no later than 45 days after any ruling adopting the Magistrate Judge's Report and Recommendation, as required under Federal Rule of Civil Procedure 4(l).

**IT IS FURTHER RECOMMENDED** if the recommendation is adopted, that Plaintiff Brandon Powell, Sr. be advised that if he does not timely comply with this Court's order regarding service, his claims against the Social Security Administration in this case may be dismissed by the Court without further notice.

**IT IS ORDERED** that the Clerk of Court shall provide a copy of this Magistrate Judge's Report and Recommendation to Plaintiff Brandon Powell, Sr. by regular mail, and by certified

---

[12] R. Doc. 5.

mail, return receipt requested, at 3657 Warren Drive, Baton Rouge, LA 70814, which is the address on documents he filed in Louisiana state court.

Signed in Baton Rouge, Louisiana, on September 23, 2024

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**